Accordingly, It Is Ordered that the motion to dismiss be and the same hereby is Granted.

**RED BALL MOTOR FREIGHT, Inc. et al. v. HERRIN TRANSP. CO. et al.**

**Civ. No. 2004.**

United States District Court
N. D. Texas, Fort Worth Division.

Dec. 30, 1950.

Judgment Affirmed May 28, 1951.
See 341 U.S. 938, 71 S.Ct. 1002.

Dooley, J., dissented.

Rawlings, Sayers, Scurlock & Daly, Reagan Sayers, Fort Worth, Tex., for the plaintiff Red Ball Motor Freight Lines, Inc.

Callaway & Reed and R. E. Kidwell, Dallas, Tex., for East Texas Motor Freight Lines.

Wm. D. McFarlane Sp. Asst. to the Atty. Gen., for the Interstate Commerce Commission.

Phinney, Hallman, Reed & Holly, Carl Phinney, Dallas, Tex., for Herrin Transp. Co.

DAVIDSON, District Judge.

This is an action brought by plaintiffs to set aside an order of the Interstate Commerce Commission granting a certificate of public convenience and necessity to a common carrier by motor vehicle covering the transportation of commodities in interstate and foreign commerce.

A permanent injunction, restraining the enforcement, operation and execution of the order of the Interstate Com-

merce Commission is sought; thus, the cause is one required to be heard by a District Court of three judges under 28 U.S.C.A. § 2284.

Herrin had sought, before the Interstate Commerce Commission authority, to serve Lufkin as an intermediate point for several reasons, the principal being to permit a more direct route of its traffic moving between Dallas and Shreveport, such traffic being, at the time of application for such order, between Dallas and Shreveport by the way of De Ridder, a distance of some 454 miles. By using Lufkin as an intermediate point instead of going to De Ridder and back to Shreveport, the distance would be cut to 306 miles, or 148 miles less than the former route by De Ridder.

The question that confronts the Court at the threshold of the case is, how far may a Court go in setting aside the finding of an administrative body clothed with fact finding and quasi judicial powers incident to the administration of its service?

■ Proposition: A Court may not set aside the orders of a fact finding, administrative body, acting within the field of its designated powers, unless such order is illegal, capricious, or unsupported by fact.

This rule is applicable in Texas, as illustrated by orders of a County Commissioners Court when a review thereof is sought in the State District Court.

It is applicable to executive branches of the United States Government. Illustration: The Postal Department. The Postmaster, for instance, is charged with the duty of classifying the mail in four piles or groups, and when he has so acted, the Court will not reclassify it unless he has acted capriciously or without warrant of law or fact. United States ex rel. Milwaukee Social Democratic Publishing Company v. Burleson, 255 U.S. 407, 41 S.Ct. 352, 65 L.Ed. 704; Lewis Publishing Company v. Morgan, 229 U.S. 288, 33 S.Ct. 867, 57 L.Ed. 1190.

■ This rule applies with even greater force to the findings of the Interstate Commerce Commission, because of the very nature and purpose of its creation.

"The purpose of Congress was to leave the Commission authoritatively to decide whether additional motor service would serve public convenience and necessity * * * this of course gives administrative discretion to the Commission * * * to draw its conclusions." Chesapeake & Ohio Railway Co. v. United States, 283 U.S. 35, 51 S.Ct. 337, 75 L.Ed. 824; Powell v. United States, 300 U.S. 276, 287, 57 S. Ct. 470, 81 L.Ed. 643; McLean Trucking Co. v. United States, 321 U.S. 67, 64 S.Ct. 370, 88 L.Ed. 544. "Unless in some specific respect there has been prejudicial departure from requirements of the law or abuse of the Commission's discretion, the reviewing court is without authority to intervene. It cannot substitute its own view concerning what should be done". United States v. Pierce Auto Freight Lines, 327 U.S. 515–536, 66 S.Ct. 687, 698, 90 L.Ed. 821.

■ Authorities touching upon this phase of the law have been so fully and thoroughly discussed in Lang Transportation Corporation v. United States, D.C., 75 F.Supp. 915, 927, that we adopt, in part, the reasoning of Judge O'Connor in said case:

"The Commission is the guardian of the public interest in determining whether certificates of convenience and necessity shall be granted. For the performance of that function the Commission has been entrusted with a wide range of discretionary authority. Interstate Commerce Commission v. Parker, 326 U.S. 60, 65 S.Ct. 1490, 89 L. Ed. 2051). *Its function is not only to appraise the facts and to draw inferences from them but also to bring to bear upon the problem an expert judgment and to determine from its analysis of the total situation on which side of the controversy the public interest lies.*" (Emphasis supplied.)

■ "We think the court misconceived not only the effects of the Commission's action in these cases, but also its own function. * * * Unless in some specific respect there has been prejudicial departure from requirements of the law or abuse of

the Commission's discretion, the reviewing court is without authority to intervene. It cannot substitute its own view concerning what should be done, whether with reference to competitive considerations or others, for the Commission's judgment upon matters committed to its determination".

Note: See also McCracken v. United States, D.C., 47 F.Supp. 444, 447; A, B, & C, Motor Transport v. United States, D.C., 69 F.Supp. 166; Beard-Laney, Inc., v. United States, D.C., 83 F.Supp. 27; C. E. Hall & Sons v. United States, D.C., 88 F. Supp. 596, at page 601.

It should not be overlooked that the functions of the Interstate Commerce Commission in regulating tariffs and lines of transportation are as much concerned with the affairs and well-being of the general public as they are with the transportation companies and their competitive controversies. The Interstate Commerce Commission had, after due hearing, granted a certificate to the defendant Herrin Transportation Company. We think the evidence attending the circumstances of granting such certificate may be tersely stated as follows:

The twofold effect of such certificate is that the carrier (1) is authorized to transport freight between Dallas and Shreveport through Lufkin as an intermediate and common point on its respective authorized routes between Corsicana and De Ridder and between Houston and Shreveport, and (2) is authorized to transport freight directly between Lufkin and De Ridder, instead of having to move same over a much longer and circuitous route.

The complainants herein challenge the action of the Commission in its entirety, but the stoutest attack is against the refusal of the Commission to retain the restriction against traffic between Dallas and Shreveport, as recommended by the examiner.

The short line route between Dallas and Shreveport is over Highway 80 and the distance is about 185 miles. The D. C. Hall Transport, Inc., the Texas & Pacific Motor Transport Company and the East Texas Motor Freight Lines, motor common carriers, all hold certificates ante-dating the one in question issued to Herrin, authorizing them respectively to transport freight between Dallas and Shreveport, over the said short line route, and each of said companies was at all pertinent times and still is engaged in said business. The Texas & Pacific Railway Company for many years has been doing business as a common carrier of freight by railroad between Dallas and Shreveport, a distance of about 185 miles by its line. The Southwestern Transportation Company held a certificate, ante-dating the certificate now in question, authorizing it to transport freight between Dallas and Shreveport over a route of about 195 miles, and it was at all pertinent times and still is engaged in such business as a motor common carrier.

The distance of the Herrin route from Dallas to De Ridder to Shreveport is 454 miles. The distance of its route from Dallas to Lufkin to Shreveport is 306 miles.

The plaintiffs in the case, seeking to set aside the Commission's order, have the right and the privilege of transporting freight directly from Dallas to Shreveport at a distance of less than 200 miles. The order complained of allows Herrin to transport freight to Shreveport by the way of Lufkin, a distance of more than 300 miles. We do not see how the competing lines, appearing as complainants, can be greatly injured by a competitor working under this handicap. It will, however, be a convenience to the defendant Herrin to be able to shorten his route to Shreveport by turning at Lufkin instead of continuing on to Shreveport by the way of De Ridder, Louisiana, as had previously been done.

█ The Court doesn't feel called upon to substitute its judgment for that of the Commission. It does find that the Commission was acting without any unreasonable abuse of its discretion and that there were adequate facts to support its findings.

JOSEPH C. HUTCHESON, Jr., Chief Judge, concurring.

DOOLEY, District Judge, dissented.