**Jimmie H. AYER, d/b/a Home Transportation Company, Complainant,**

v.

**The UNITED STATES of America**
and
**The Interstate Commerce Commission, Defendants.**

**Civ. A. No. 5219.**

United States District Court
N. D. Georgia, Atlanta Division.
March 19, 1956.

Allan Watkins and Paul Daniell, Atlanta, Ga., for plaintiff.

James W. Dorsey, U. S. Atty., Atlanta, Ga., Isaac K. Hay, Asst. Gen. Counsel, I.C.C. Washington, D. C., for the United States.

Troutman, Sams, Schroder & Lockerman, Atlanta, Ga., for intervenors.

Before TUTTLE, Circuit Judge, and HOOPER and SLOAN, District Judges.

TUTTLE, Circuit Judge.

This is an action brought under sections 1336, 2284, and 2321–2325 of Title 28, United States Code, to set aside an order of the Interstate Commerce Commission, dated May 2, 1955, in a proceeding under section 207 of the Interstate Commerce Act, 49 U.S.C.A. § 307, wherein the Commission denied the application of the plaintiff for a certificate of public convenience and necessity.

On October 20, 1952, Jimmie H. Ayer, doing business as Home Transportation Company, filed with the Commission an application, later amended, in which the plaintiff herein sought authority to operate as a common carrier by motor vehicle, over irregular routes, in the transportation of (1) farm tractors, farm machinery and farm equipment and parts thereof, moving in connection therewith, from Cedartown, Georgia, and points within 10 miles thereof, to points in Florida, North Carolina, South Carolina, Tennessee, Kentucky, Alabama, Mississippi, Louisiana, Texas, Arkansas, Missouri, Indiana and Illinois, and (2) machinery, contractors' equipment and bulky and heavy commodities requiring special equipment, except prefabricated houses or buildings, from points in

Illinois to points in Alabama, Tennessee, Mississippi, Georgia, South Carolina, North Carolina and Virginia.

A hearing was held before an examiner of the Commission at Atlanta, Georgia, on September 1 and 2, 1953. In addition to plaintiff, several railroad and motor carrier protestants entered appearances, offered evidence, and filed briefs. The examiner served his report on February 17, 1954, in which he recommended that the plaintiff be authorized to transport as a motor common carrier, over irregular routes, (1) harrows and farm machinery, and parts thereof when moving in connection therewith, from Cedartown, Georgia, to points in Kentucky, Louisiana, Texas, Arkansas, Missouri, Indiana and Illinois, and (2) contractors' equipment, which because of size or weight requires special equipment from Peoria and Joliet, Illinois, to Albany, Georgia, Ashville and Salisbury, North Carolina, Roanoke, Virginia, Greenwood and Gulfport, Mississippi, and Montgomery, Alabama. The examiner recommended that the application in all other respects be denied.

Exceptions to the examiner's recommended report were filed by rail and motor carrier protestants. Plaintiff filed reply to the exceptions, in which he urged that the Commission adopt the recommended report and order of the examiner.

On November 23, 1954, the Commission, Division 5, issued its report and order, in which it denied the application.

Plaintiff filed with the Commission a petition seeking reconsideration of the action of Division 5 in denying the application, to which the rail protestants filed a reply. On May 2, 1955, the entire Commission, after consideration of the record in the proceeding, plaintiff's petition for reconsideration, and protestants' reply, entered an order in which it denied the petition "for the reason that the evidence adequately supports the findings of Division 5."

Thereupon, plaintiff, on June 8, 1955, filed this action, seeking to have the court set aside and annul the Commission's order.

In paragraph V of the complaint in the present court action, plaintiff states:

"This complaint is directed only to the failure of the Commission to grant authority to transport '(2) contractors' equipment, from Peoria and Joliet, Ill., to Albany, Ga., Ashville and Salisbury, N. C., Roanoke Bay, Greenwood and Gulfport, Miss., and Montgomery, Ala.' "

In the argument of the case before us complainant restricted his argument to a contention that the Commission erroneously denied authority to transport such contractors' equipment as, "because of size or weight, requires special equipment."

The pertinent provisions of the Interstate Commerce Act [1] provide as follows:

"Subject to section 310 of this title, a certificate shall be issued to any qualified applicant therefor, authorizing the whole or any part of the operations covered by the application, if it is found that the applicant is fit, willing, and able properly to perform the service proposed and to conform to the provisions of this chapter and the requirements, rules, and *regulations of the Commission* thereunder, and that the proposed service, to the extent to be authorized by the certificate, is or will be required by the present or future public convenience and necessity; otherwise such application shall be denied: *Provided, however,* That no such certificate shall be issued to any common carrier of passengers by motor vehicle for operations over other than a regular route or routes, and between fixed termini, except as such carriers may be authorized to engage in special or charter operations."

---

1. 49 U.S.C.A. § 307(a).

■■ As we view it, our duty in such a case as this is that exercised by appellate courts in any case of judicial review of the findings and conclusions of an administrative tribunal, as set out in the Administrative Procedure Act of 1946.[2]
Statutory courts in this as well as other circuits have repeatedly held that a court may not set aside an order of the Commission if it lies within the scope of the Interstate Commerce Commission Statute and is based upon adequate findings that are supported by substantial evidence.[3] This is in accord with decisions of the Supreme Court.[4]

The complainant here urges the proposition that the denial of his certificate by the Commission was predicated on its conclusion that "the rail carriers appear to be providing the supporting shippers a reasonably adequate service and the matters complained of do not appear to be of sufficient consequence to warrant a grant of authority herein which would undoubtedly divert considerable tonnage from the railroads"; that a denial of a certificate to a motor carrier solely on the ground that adequate rail carrier service exists is violative of the National Transportation Policy. This is so, says complainant, because it is based on an erroneous construction of section 207 of the Interstate Commerce Act[5] in that it (1) denies the shipping public the benefits of reasonable competition between different modes of transportation; (2) fails to preserve the inherent advantages of motor transportation; and (3) promotes monopoly in transportation.

Answering these contentions the Interstate Commerce Commission and the United States both take the position that this issue does not arise because they say that there is ample evidence in the record before the Commission to the effect that there is also motor carrier service available to serve the points involved in complainant's application. The intervening rail carriers, while agreeing with this position, also challenge the correctness of complainant's construction of the National Transportation Policy as requiring in every case the right of choice between different modes of transportation.

Stated briefly, there was testimony that Superior Trucking Company had idle equipment of the type needed for the carriage offered by complainant, that it was certificated to all the terminal points except Roanoke, Virginia; that it had interchange agreements with Daniel Hamm Drayage Co. of St. Louis, that had certificates authorizing carriage from Peoria and Joliet, Illinois; and that interchange could be accomplished at points in Tennessee. There was further testimony that by an additional transfer, shipments could be made to Roanoke. Complainant challenged this evidence, apparently because Superior did not appear to oppose the granting of this certificate to complainant. However, this does not of course destroy the evidentiary value of the testimony as to the ability and willingness of Superior to furnish this motor carrier service, which its general manager testified he desired to furnish.

■ We find that there was ample evidence that, as to all but one of the terminals in controversy there was available motor transportation on a two-carrier basis, and as to the remaining terminal, on a three-carrier basis. This is in addition to the rail service which the Commission found to be "reasonably ade-

2. See 5 U.S.C.A. § 1001 et seq. Section 10(e) provides as follows: "* * * the reviewing court shall * * * hold unlawful and set aside agency action, findings, and conclusions found to be * * * unsupported by substantial evidence * * *. In making the foregoing determinations the court shall review the whole record * * *."

3. Tampa Traffic Association v. United States, D.C., 132 F.Supp. 948; Louisiana Public Service Comm. v. United States, D.C., 125 F.Supp. 180; Red Ball Motor Freight v. Herrin Transportation Co., D.C., 98 F.Supp. 248.

4. Interstate Commerce Commission v. Union Pacific R. Co., 222 U.S. 541, 32 S. Ct. 108, 56 L.Ed. 308.

5. 49 U.S.C.A. § 307.

**444**

quate." It is true, as complainant points out, that the language of the Commission's decision stresses the existence of rail transportation. We are required, however, under well recognized principles, in reviewing the decisions of the Commission to examine the record as a whole, and if the Commission's finding is supported by substantial evidence, it may not be set aside. Universal Camera Co. v. National Labor Relations Board, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456.

We do not, therefore, get to the question on which complainant says the case must turn, i. e., whether there would be a basis for setting aside an order of the Commission if such order were based solely on the existence of adequate transportation service of a different class from that offered by the applicant for a certificate.

The Commission's order is valid, the relief sought is denied, and the complaint is dismissed.

TUTTLE, Circuit Judge, and HOOPER and SLOAN, District Judges, concur.

Interstate Commerce Commission, Defendants.